**WASHINGTON STATE ELECTRICAL CONTRACTORS ASSOCIATION, INC.; Collins Electric Co.; The Dalford Co.; PMC, Inc., et al., Plaintiffs–Appellants,**

v.

**Frank FORREST; State of Washington, et al., Defendants–Appellees.**

No. 90–35302.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 1991.

Decided April 15, 1991.

Judd H. Lees, Williams, Kastner & Gibbs, Bellevue, Wash., for plaintiffs-appellants.

James M. Beaulaurier, Asst. Atty. Gen., Seattle, Wash., for defendants-appellees.

Before GOODWIN and BEEZER, Circuit Judges, and NIELSEN *, District Judge.

* Honorable Leland C. Nielsen, United States District Judge for the Southern District of California, sitting by designation.

PER CURIAM:

This is the second appeal in this attempt to impose antitrust liability upon defendants who, in their official or individual capacities, make and enforce minimum wage rates for apprentices in the performance of electrical contracts within the State of Washington. *See Washington State Electrical Contractors Association v. Forrest*, 839 F.2d 547 (9th Cir.1988).

The Supreme Court granted certiorari and vacated our judgment affirming the district court and remanded the case for further consideration in light of *Patrick v. Burget*, 486 U.S. 94, 108 S.Ct. 1658, 100 L.Ed.2d 83 (1988). *Washington State Electrical Contractors Association v. Forrest*, 488 U.S. 806, 109 S.Ct. 38, 102 L.Ed.2d 17 (1988).

Pursuant to the remand, the district court again considered the question of limited governmental antitrust immunity and concluded that because the defendants were acting pursuant to the state Apprenticeship Act, Wash.Rev.Code § 49.04.010 et seq., the Washington Apprenticeship Council was a state agency and thus it was not necessary to inquire into the degree of state supervision exercised by the state government over the activities of the Apprenticeship Council. The court then held the activities to be cloaked with antitrust immunity, relying upon our then recent decision in *Hass v. Oregon State Bar*, 883 F.2d 1453 (9th Cir.1989). The plaintiff again appealed, contending that the district court had misunderstood the mandate of this court as well as the teaching of the Supreme Court in *Patrick*.

Our opinion on the first appeal, vacated by the Supreme Court, may have contributed to the misleading of the successor district judge who took over this case after the remand. Our opinion had held that there was adequate state supervision by the director of labor and industries to assure that state policies pursuant to legislative guidelines would be followed. We then said that in light of the high degree of state supervision it was unnecessary to reach the characterization question: Is the Apprenticeship Council a "state agency"?

On remand, the trial judge compared this case with the *Oregon State Bar* case, and determined that the Apprenticeship Council was indeed a state agency and then felt it unnecessary to reach the question of state supervision.

The terms of our remand, however, asked the court to determine the extent of actual state control over the wage-fixing activity of the Apprenticeship Council. It is now apparent, after further briefing and argument, that the Apprenticeship Council may not qualify as a state agency. The council has both public and private members, and the private members have their own agenda which may or may not be responsive to state labor policy. The council is more nearly like the Oregon Board of Medical Examiners which failed in *Patrick* to satisfy the Supreme Court that it was a governmental agency sufficiently qualified to engage in anticompetitive activity on behalf of the state to avoid scrutiny of the degree of state control over its activities.

The key language in *Patrick* involves the "rigorous two pronged test" derived from *California Retail Liquor Dealers Association v. Midcal Aluminum, Inc.*, 445 U.S. 97, 100 S.Ct. 937, 63 L.Ed.2d 233 (1980). First, the challenged restraint must be one clearly articulated and affirmatively expressed as state policy. Second, the anticompetitive conduct must be actively supervised by the state itself. Only if a private party meets both of these requirements is the anticompetitive conduct fairly attributable to the state for antitrust immunity purposes.

On remand, the district court should make specific findings and conclusions on both prongs of the immunity test most recently set out in *Patrick*.

REVERSED AND REMANDED.